## BARBER v. MARBLE.

*Lease — covenant in. Pleading — complaint — sufficiency of.*

A lease of a farm from B. (the plaintiff) to D. contained the following provision : " Whenever any of the products of said farm shall be sold or disposed of all proceeds shall be paid to said B., until he shall receive the full rent of said farm yearly." *Held*, to be a mere personal convenant, and that it gave the lessor no lien upon the proceeds of the farm for his rent.

Defendant forwarded to New York a quantity of butter, the product of said farm, placed in his hands by the lessee, sold the same and received the proceeds therefor. Subsequently, the lessee surrendered his lease by a written release, including the products of the farm and the proceeds of the butter in question, which were specifically mentioned. In an action for the proceeds of the butter, in the complaint, plaintiff claimed a right to such proceeds under the provisions of the lease, and also alleged " That said plaintiff was entitled to said proceeds, and that he claimed the same, and that previous to receipt of said proceeds the plaintiff notified the defendant that plaintiff claimed the proceeds of said butter, and before the commencement of this action said proceeds were duly demanded of defendant and refused," etc. The assignment contained in the release was not specially pleaded in the complaint. Defendant's answer, among other things, alleged that said proceeds were not the property of the plaintiff, but of the lessee, and that plaintiff had no claim or lien on them. At the trial the release was introduced in evidence, without objection on the part of defendant.

*Held*, that with the aid of § 173 of the Code, liberally applied in furtherance of justice, a recovery could be upheld.

MOTION by defendant for a new trial upon exceptions ordered to be heard in the first instance at general term after verdict for the plaintiff at circuit. The facts appear in the opinion.

*E. P. More*, for plaintiff.

*H. Ballard*, for defendant.

P. POTTER, J. This action was tried at the Madison circuit in February, 1873. The complaint was based upon a lease from plaintiff to one William Donegan, of a farm and personal property in the town of Pompey, in said county, for a period of three years, " *at the yearly rent of* $500, *to be paid to said Barber whenever any of the products of said farm shall be sold or disposed of ; all pro-*

*ceeds of said farm shall be paid to said Barber, until he shall receive the full rent of said farm yearly."*

During the fall of the first year the tenant, Donegan, took a quantity of butter, the proceeds of cows leased with the farm, and left it with the defendant, either by a sale or to be disposed of by the defendant for him, Donegan, upon which terms there was a conflict of fact. The jury found that it was not a sale, but that the butter received by the defendant was to be forwarded to the New York market and sold, and the proceeds to be accounted for by the defendant. The net proceeds amounted to about $122.30, which came to the hands of the defendant.

The plaintiff's complaint proceeds upon the theory that these proceeds belong to the plaintiff by virtue of the above provisions of the lease, and that defendant had notice of those provisions. The defendant claims that he purchased the butter of the tenant Donegan; that Donegan was indebted to him for "merchandise sold," and that he retained these proceeds, as per agreement with Donegan, to the amount of his demand against Donegan, the tenant, and denies that plaintiff had any lien or title thereto, by virtue of the terms of the lease. These were, substantially, the issues upon the pleadings.

Upon the trial the plaintiff introduced in evidence, without objection at the time, his lease, and also a release written thereon signed by plaintiff and the tenant Donegan, dated 11th December, 1871, surrendering the lease before the end of the first year, in which release Donegan surrendered up to the plaintiff the property described in the lease, real and personal, to take effect the 1st of January thereafter, " with all the products of the farm and said personal property, *and the proceeds of the butter lately sent to New York by Marcus Marble, of Delphi."*

The plaintiff then proceeded to prove the admissions of the defendant — that he had sent the butter to New York to *sell* for Donegan; that he had not purchased it — and then proved notice to defendant that the butter belonged to plaintiff, and that the money must be kept for him, and rested his case.

The defendant's counsel then moved that the plaintiff be non-suited, on the following grounds:

*First.* " That the lease gives the plaintiff no lien upon the property." *Second.* " That the plaintiff cannot recover under the complaint in tort on the assignment, for the reason that it is not alleged in the complaint." *Third.* " That there is no proof on the part of

the plaintiff upon which he can recover under the complaint." The motion was denied, and there was an exception.

The first ground of objection in law, I think, was good, and so the judge subsequently held and charged. The agreement in the lease was only a personal covenant of the lessee to pay the proceeds of the farm, when sold to the lessor. There was nothing in the lease that restrained the lessee from absolute dominion over the products or the right to sell them.

The second ground of objection was true, as matter of fact. The complaint, in the first and second counts, was technically upon the right of title to the products of the farm under the provisions of the lease, and especially after notice to the defendant of such right. The third count of the complaint, however, does set forth in general terms, " that the plaintiff was entitled to said proceeds, and that he claimed the same, and that previous to the receipt of said proceeds the plaintiff notified, or caused the defendant to be notified, that the plaintiff claimed the proceeds of said butter, and that before the commencement of this action the said proceeds were duly demanded," and if this general charge can be separated from the particular — the claim of title under the provisions of the lease — this objection to the complaint would not be good, provided the plaintiff proved title by virtue of another instrument. The defendant's fifth answer seems to have anticipated some other title than the lease itself, and is in the following words: " He avers that the butter and the proceeds thereof, set out in the plaintiff's complaint, was not the property of the plaintiff, and that he had no lien or claim thereon or thereto, but the same belonged to and was the property of one William Donegan," etc., to which plaintiff added a general reply. This is broad enough to put in issue the general question of title.

On the trial, and before the motion for nonsuit was made, the plaintiff had proved another title to the butter and its proceeds other than his claim under the provisions of the lease. He had an assignment of it from Donegan, the tenant, to him in the instrument of release or surrender in these words: *"And the proceeds of the butter lately sent to New York by Marcus Marble,"* etc. He had proved a cause of action, whether it was set forth in the complaint or not. It is quite clear that the plaintiff and his counsel were mistaken in their theory and legal view, that the lease by its terms conferred title to the products of the farm or of the dairy upon the plaintiff, but it may be that, by the lack of skill in plead-

ing, or by the accident of a general claim of title set forth, with the aid of section 173 of the Code, liberally applied in furtherance of justice, that the recovery may be upheld, even if there are no other objections.

This was, probably, the view taken by the judge on the trial, for at the end of the case the defendant's counsel asked him to direct a verdict for the defendant upon the whole case, and upon the ground that the contract gave him no lien on the property, and that no action could be maintained upon the assignment. The court declined, and held, that the plaintiff could only recover against the defendant as upon the assigned account; that there was no lien upon the butter; that the question involved was whether Donegan, the tenant, previous to this assignment, had sold this butter to the defendant, or not; that the question for the jury was, whether or not this butter was delivered by Donegan to the defendant, for the purpose of selling on commission, or delivered to him on purchase; that the lease contained no lien; and that the release contained an assignment, etc. This view of the judge presents the whole case up to this stage of the trial, and seems to be right, if there was any such issue to be tried as a claim upon the assigned account, or, if the judge had the power to conform the pleadings to the proof given on the trial, and upon the assumption that that issue was not in the pleadings. No motion was made to amend; nor was that necessary if the case comes within the class of cases in which the court is authorized to make the amendment, if such amendment would be in furtherance of justice.

Section 173 of the Code gives the power to amend, but with this qualification, that the amendment does not change, substantially, the claim or defense. The plaintiff's claim was specific and limited, and arose out of the leasing or releasing of the same property; the amount would not vary whether it was the one or the other. In either event, it was between the parties to the contract, and the same form of action would be proper upon whichever agreement or instrument it depended. A nonsuit upon the one hypothesis would have left the case to be tried again, substantially, upon the same proof. Both the lease and release must be proved, in any other action or form of action. I think, under the liberal spirit, as well as the letter of the Code, it authorized the ruling of the judge, even if the assigned account is not fully set forth in the pleadings, of which I am not clear.

I think the practice of the court is in favor of this liberality and of such a construction of the Code. The cases of *Van Duser* v. *Howe*, 21 N. Y. 531, 539; *Bank of Havana* v. *Magee*, 20 id. 355, 359; and, especially, *Hall* v. *Gould*, 13 id. 127, 134; also, *Hunter* v. *Hudson River Machine Co.*, 20 Barb. 493, have gone as far as was done in the case at bar. I do not, therefore, see that the judge erred in his ruling on the trial. If we are right in these views, the second ground on motion for nonsuit is without merit.

There is but one other legal point in the case, raised by the defendant, that seems to be worthy of notice. The defendant requested the court to charge, "that the witness Donegan had a right, under the lease, to sell the 'butter, and the defendant had a right to purchase it, even if he had knowledge at the time of the contents of the lease." The court refused. The court had already charged these propositions distinctly, in effect, and was not bound to repeat them. At the end of the case, upon the motion for a verdict in favor of the defendant, the court expressly decided, in effect, that there was no lien in the lease, and that Donegan had a right to sell at any time before the assignment in the release. The judge does not give his reason for the refusal, but a sufficient reason is found in his rulings, which could not be mistaken.

Though we have not been at all aided by the plaintiff's brief, which presents and persists in a wrong theory of law, as applicable to the case, I think justice has been done, and no errors are found requiring a new trial. I think a new trial should be denied, and judgment entered for the plaintiff, with costs.

MILLER, P. J., and PARKER, J., concurred.

*Judgment on the verdict, with costs.*